# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| RADLEY BRADFORD,<br><br>    Plaintiff,<br><br>v.<br><br>PHILLIPS & COHEN ASSOC., LTD.,<br><br>    Defendant. | Case No. 4:20-cv-03986 |

**NOW COMES** RADLEY BRADFORD, by and through his undersigned counsel, complaining of Defendant PHILLIPS & COHEN ASSOC., LTD., as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. RADLEY BRADFORD ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. §392.001(1).

1

7. PHILLIPS & COHEN ASSOC., LTD., ("Defendant") maintains its principal place of business at 1002 Justison Street, Wilmington, Delaware 19801.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts in the state of Texas that are owed or due or asserted to be owed or due another.

9. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. §392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

10. Plaintiff applied for and received two credit cards from Barclay Bank ("Barclay").

11. Plaintiff placed a phone call to Barclay and spoke with representative Angela who provided her employee number of COEEAR.

12. During this conversation, Plaintiff informed Angela that he had hired an attorney, planned to file for bankruptcy and provided the attorney's contact information.

13. Also during this conversation, Plaintiff requested that all contact on the accounts stop.

14. Plaintiff then received correspondence from Defendant regarding the Barclay credit cards, dated November 10, 2020 ("subject debt").

5. The correspondence Plaintiff received from Defendant are communications as defined by 15 U.S.C. § 1692a(2).

15. The subject debt is a debt as defined by 15 U.S.C. § 1692a(5).

16. The correspondence stated that Defendant was aware that Plaintiff may have an attorney but did not have contact information for the attorney.

17.     On November 16, 2020, Plaintiff called Defendant as a courtesy and spoke with Defendant's representative, Vincent Foster.

18.     Plaintiff provided his contact information along with the reference number provided on the letters he received, leaving Defendant no doubt as to whom they were speaking with.

19.     During this conversation, Plaintiff attempted to provide his attorney's information but Vincent Foster refused to take it.

20.     Concerned with having had his rights violated, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## **CLAIMS FOR RELIEF**

### **COUNT I:**

### **Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)**

**a.   Violations of FDCPA §1692c(a)(2)**

21.     Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (2)     if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consent to direct communication with the consumer.
>
> 15 U.S.C. § 1692c(a).

22. Defendant violated 15 U.S.C. § 1692c(a)(2) by sending letter to Defendant when it knew that Defendant was represented by counsel and decided to contact Plaintiff.

23. Specifically, Defendant could have "easily ascertained" Defendant's attorney's information by conversing with Barclay, as Plaintiff had provided this information to Barclay during the June 22, 2020 phone call.

### b. Violations of FDCPA §1692e(11)

24. Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, ***and the failure to disclose in subsequent communications that the communication is from a debt collector,*** except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

24. Defendant violated 15 U.S.C. § 1692e(11) during the November 16, 2020 phone call because Defendant's representative, Vincent Foster, did not include the statutorily required disclosure language.

### c. Violations of FDCPA § 1692g

25. Pursuant to § 1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

26. Defendant violated § 1692g by failing to send Plaintiff the 30-day validation notice within five days of Defendant's first communication with Plaintiff on November 10, 2020.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§1692c(a)(2), 1692 e(11), and 1692(g);

B. an order enjoining Defendant from further violation(s) of 15 U.S.C. §§1692c(a)(2), 1692 e(11), and 1692(g);

C. an award of any actual damages sustained by Plaintiff;

D. an award of such additional damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

E. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

F. an award of such other relief as this Court deems just and proper.

## COUNT II

### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq*.)

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28. Section 392.304(a) of the Texas Finance Code states:

> Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:
> (5) in the case of a third-party debt collection, failing to disclose, except in a formal pleading made in connection with a legal action:
>    (A) that the communication is an attempt to collect a debt and that any information obtained will be used for that purpose, if the communication is the initial written or oral communication between the third-party debt collector and the debtor; or
>    (B) that the communication is from a debt collector, if the communication is a subsequent written or oral communication between the third-party debt collector and the debtor
>       Tex Fin. Code Ann. §392.304(a)

31. Defendant violated Tex. Fin. Code Ann. § 392.304(a)(5)(A) by failing to disclose this language on the two letters that it sent to Plaintiff.

32. Additionally, Defendant violated Tex. Fin Code Ann. §392.304(a)(5)(B) by failing to state this language in its November 16, 2020 phone call with Plaintiff.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.304(a)(5);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.304(a)(5);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: November 23, 2020                    Respectfully submitted,

**RADLEY BRADFORD**

By: /s/ *Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8181

mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com